UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR ANTONIO RUIZ,<br>Plaintiff,<br>v.<br>E. TIMMINS, *et al.*,<br>Defendants. | Case No. 2:26-cv-1491-DAD-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brings this action and alleges three separate violations of his constitutional rights against multiple defendants. ECF No. 8 at 5-7. The complaint is deficient because multiple, unrelated claims against more than one defendant belong in separate lawsuits. I will dismiss the complaint with leave to amend so that plaintiff may file a complaint that contains only related claims. Additionally, I will grant his application to proceed *in forma pauperis*, ECF No. 7.

Screening Order

I. Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff's complaint contains at least three separate and unrelated claims against multiple defendants. First, he alleges that in June 2025, an approved family visitation appointment was cancelled without justification by defendant Timmins. ECF No. 8 at 5. He apprised numerous other defendants of this wrongful cancellation by using the prison grievance process, but none undertook to rectify it. *Id.*

Second, he alleges that, in October 2025, his mother passed away, and, on multiple occasions immediately prior to her death, he requested an opportunity to communicate with her. *Id.* at 6. Plaintiff claims that defendants Timmins, Barcellona, Mosher, and Forester declined to

take action or to provide him with any assistance. *Id.*

Third, plaintiff alleges that, in December 2025, defendants Barcellona, Garnica, Mercado, and Gregor retaliated against him for filing grievances by denying him the opportunity to engage in video visitations. *Id.* at 7.

Multiple, unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Whether a family visit was wrongfully cancelled in June 2025 bears no discernable factual or legal relation to a claim that plaintiff was retaliated against for filing grievances in December 2025. Plaintiff's complaint is dismissed with leave to amend so that he may address this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Second Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 8, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

IT IS SO ORDERED.

Dated: July 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE