UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR ANTONIO RUIZ,

Plaintiff,

v.

E. TIMMINS, *et al.*,

Defendants.

Case No. 2:26-cv-1491-DAD-JDP (P)

ORDER

Plaintiff, a state prisoner, brings this action alleging that defendants violated his rights by denying him family visitation and by failing to respond to his grievances in a timely manner. ECF No. 12 at 4-5. The complaint fails to state a cognizable claim. I will give plaintiff one final opportunity to amend and remedy these deficiencies if he can.

Screening Order

I. Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff raises two claims. First, he argues that defendants violated his due process rights by denying him family visitation without giving him an opportunity to adequately challenge the restriction. As an initial matter, prisoners have no right to family visitation. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir. 1986) ("To the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society."); *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) ("[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits . . . ."). And, plaintiff's due process claim premised on the denial of visitation rights also fails. To sustain a due process claim, a prisoner must demonstrate the existence of a protectable liberty interest by showing that the challenged restriction amounts to an atypical and significant hardship in relation to the

ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). Courts in this circuit have held that denial of visitation does not amount to an atypical and significant hardship. *See Deeds v. Helling*, 3:07-cv-00060-ECR-VPC, 2009 U.S. Dist. LEXIS 29865, *21 (Dist. Nev. Feb. 19, 2009); *Case v. Broomfield*, No. 2:25-cv-03566-SCR P, 2026 U.S. Dist. LEXIS 41124, *9-10 (E.D. Cal. Feb. 26, 2026).

Plaintiff's second claim, bearing no obvious relation to his first, is that defendants failed to process his grievances concerning a lack of mental health treatment. ECF No. 12 at 5. First, there is no federal right to a specific prison grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). To the extent plaintiff alleges that the failure to adequately respond to his grievances concerning his mental health issues violates the Eighth Amendment, that claim also fails. His allegations about his mental health are vague; he alleges that he suffered from anxiety, depression, and stress, but does not allege what healthcare he requested, or why his medical providers declined to provide it. The rest of the claim primarily takes issue with the length of time it took defendants to respond to his grievances which, again, implicates only the grievance procedure itself. Critically, plaintiff does not sufficiently allege that any defendant was responsible for his mental health treatment. Only defendant Barcellona's job description indicates that he or she might be a mental healthcare provider (the defendant is listed as a "senior psychologist supervisor" in the complaint), but the only allegation against him or her is that he or she interviewed plaintiff in December 2025. ECF No. 12 at 5.

Based on the foregoing, I find that the amended complaint fails to state a cognizable claim against any defendant. Out of an abundance of caution, I will give plaintiff one final opportunity to amend and remedy the foregoing deficiencies if he can. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the

form included with this order, should contain only related claims, and be titled "Second Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 12, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: October 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE